IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| DARLA S. TRYON, | )<br>) |
| Plaintiff, | ) Case No. 04-6243-HO<br>) |
| v. | ) ORDER<br>) |
| Commissioner of Social Security, | )<br>) |
| Defendant. | )<br>) |

Plaintiff filed this proceeding pursuant to section 205(g) of the Social Security Act (the Act), as amended, 42 U.S.C. § 405(g), to obtain judicial review of the Commissioner's final decision denying plaintiff's application for disability insurance benefits and supplemental security income. Plaintiff asserts disability beginning on February 8, 2001, based on a variety of conditions including obesity, depression, serositis, carpal tunnel syndrome, migraines, fatigue, hyperthyroidism, and hypertension. On January

1 - ORDER

30, 2004, an administrative law judge (ALJ) found plaintiff not disabled and the Commissioner denied benefits.

Plaintiff asserts that the ALJ erred in: failing to find that plaintiff met a listed impairment, failing to consider plaintiff's impairments in combination, failing to consider plaintiff's mental impairments, finding plaintiff able to perform her past relevant work, rejecting the opinion of plaintiff's treating physician, and rejecting plaintiff's symptom testimony.

Plaintiff contends, with little record support, that she meets listings for depression, obesity, respiratory system impairments, and other impairments such as endocrine disorders which combine to create a disability. Plaintiff mainly relies on notations in her medical record and treatments rather than diagnosis. In addition plaintiff fails to document all listing requirements such as whether she has diastolic blood pressure persistently above 100 or respiratory disease with total forced vital capacity equal to or less than 2.0 L in support of an obesity listing. The ALJ did consider the impairments, supported by the record, in combination. See Tr. 16-19.

Plaintiff's treating physician, Gary Brandt, M.D., opined that plaintiff could lift and carry 10 pounds occasionally, stand one hour, walk one hour, and sit up to 8 hours per day, only occasionally bend and reach. Dr. Brandt also precluded repetitive use of her hands and found restrictions with respect to heights,

moving machinery, marked temperature changes, and exposure to dust and fumes. Tr. 371-72. The ALJ accepted these restrictions in assessing plaintiff's physical residual functional capacity for work. Tr. 20. On February 26, 2002, Dr. Brandt opined that plaintiff had some moderate mental impairments with regard to concentration and carrying out instructions. Tr. 373-74. Dr. Brandt also opined that plaintiff was moderately limited in the ability to complete a normal work week. Tr. 374. On November 19, 2003, however, Dr. Brandt opined that plaintiff could not, considering her depression, concentration difficulties and pain, perform eight hours a day, five days a week. Tr. 377. The ALJ rejected Dr. Brandt's opinion that plaintiff could not perform a full work-week. Tr. 18-20.

Where an ALJ chooses to disregard the opinion of a treating physician, he must set forth clear and convincing reasons for doing so if the treating physician's opinion is not contradicted by another doctor. Fife v. Heckler, 767 F.2d 1427, 1431 (9th Cir. 1985). If a treating physician's opinion is contradicted by another doctor and the ALJ wishes to disregard the opinion, the ALJ must set forth "specific, legitimate reasons for doing so that are based on substantial evidence in the record." Murray v. Heckler, 722 F.2d 499, 502 (9th Cir. 1983). To meet this burden the ALJ must set out a detailed analysis and thorough summary of the facts and conflicting clinical evidence, state his interpretation thereof,

and make findings. Embrey v Bowen, 849 F.2d 418, 421 (9th Cir. 1988). The rationale for giving a treating physician's opinion greater weight is that he is employed to cure and has a greater opportunity to know and observe the patient as an individual. Winans v. Bowen, 820 F.2d 1519, 1523 (9th Cir. 1987).

Psychologist Peter LeBray opined that plaintiff was able to understand and carry out simple instructions, maintain persistence of pace and complete a normal work-week. Tr. 323.

The ALJ noted that Dr. Brandt reported that plaintiff's response to anti-depressant medication was good. Tr. 18, 244. The ALJ noted the contradiction in Brandt's assessment from February 26, 2002, to November 19, 2003 and that the later opinion came in response to a check off form from plaintiff's attorney, included little explanation and was conclusory. Tr. 18, 19. The ALJ also found little objective support for the opinion and noted that it was based in part on plaintiff's subjective complaints which the ALJ also rejected. The ALJ provided specific and legitimate reasons for rejecting Dr. Brandt's opinion.

The ALJ found plaintiff's complaints of disability not fully credible. In rejecting a claimant's testimony, the ALJ must perform a two stage analysis. Smolen v Chater, 80 F.3d 1273, 1281 (9th Cir. 1996). The first stage is the Cotton test. Under this test a claimant must produce objective medical evidence of an underlying impairment which could reasonably be expected to produce

4 - ORDER

the pain or other symptoms alleged. All that is required of the claimant is that she produce objective evidence of an impairment or impairments and show that the impairment or impairments could produce some degree of the symptoms alleged. In addition, there must be no evidence of malingering. A claimant need not show that the impairments in fact did cause the symptoms. Id. at 1281-82. The claimant need not produce objective medical evidence of the symptoms themselves or their severity. Id. at 1282. Once a claimant produces evidence to meet the Cotton test and there is no evidence of malingering, then the analysis moves to the second stage.

Plaintiff has produced evidence of an impairment that could produce some degree of the symptoms alleged.

Under the second part of the analysis, the ALJ must analyze the credibility of a claimant's testimony regarding the severity of her symptoms. The ALJ can reject a claimant's symptom testimony only if he makes specific findings, stating clear and convincing reasons for doing so. Dodrill v. Shalala, 12 F.3d 915, 918 (9th Cir. 1993). The ALJ cannot reject a claimant's symptom testimony solely because it is not fully corroborated by objective medical findings. Cotton v. Bowen, 799 F.2d 1403 (9th Cir. 1986).

In determining a claimant's credibility the ALJ may consider, for example:

> (1) ordinary techniques of credibility evaluation, such as the claimant's reputation for lying, prior

5 - ORDER

> inconsistent statements concerning the symptoms, and other testimony by the claimant that appears less than candid; (2) unexplained or inadequately explained failure to seek treatment or to follow a prescribed course of treatment; and (3) the claimant's daily activities. . . . In evaluating the credibility of the symptom testimony, the ALJ must also consider the factors set out in SSR 88-13. . . . Those factors include the claimant's work record and observations of treating and examining physicians and other third parties regarding, among other matters, the nature, onset, duration, and frequency of the claimant's symptoms; precipitating and aggravating factors; functional restrictions caused by the symptoms; and the claimant's daily activities.

Smolen, 80 F.3d at 1284.

The ALJ noted inconsistencies in plaintiff's testimony regarding her last job. Tr. 16. The ALJ found her allegations disproportionate to the medical record and that her impairments have generally been controlled by medication. Tr. 19. The ALJ also noted that plaintiff's daily activities were inconsistent with her allegations and that such activities demonstrate an ability for light work. Tr. 19, 306. The ALJ also pointed out that plaintiff did not comply with her prescriptions and other recommended treatments such as stopping smoking which exacerbated her condition. Tr. 17, 253, 259-60, 265.

The ALJ did not err in rejecting plaintiff's subjective complaints to the extent alleged. However, it is unclear if the ALJ properly relied on the vocational expert's opinion that plaintiff could perform her past relevant work as a telephone operator given the restriction on repetitive use of her hands. See Tr. 427. Nonetheless, the ALJ properly relied on the vocational

6 - ORDER

expert's opinion that plaintiff could perform the job of telephone survey worker given plaintiff's mental and physical residual functional capacity as supported by the record. Tr. 425-27.

## CONCLUSION

Pursuant to Sentence 4 of 42 U.S.C. § 405(g), the decision of the Commissioner is affirmed and this proceeding is dismissed.

DATED this 14th day of April, 2005.

/s/ Michael R. Hogan
UNITED STATES DISTRICT JUDGE

7 - ORDER